CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

DEC 17 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Action No. 6:09cr00010-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| THOMAS E. COGHILL, JR., | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Thomas E. Coghill, a federal inmate proceeding pro se, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging his 30-month sentence for obstructing justice. Coghill claims that his plea was not knowing and voluntary and that counsel provided ineffective assistance. The court finds that Coghill's plea was knowing and voluntary and that he waived his right to bring three of his ineffective assistance of counsel claims. Accordingly, the court grants the United States' motion to dismiss Coghill's § 2255 motion.

**I.**

On August 11, 2009, pursuant to a written plea agreement, Coghill pled guilty to obstruction of justice, in violation of 18 U.S.C. § 1513(e)(1). Under the terms of the plea agreement, the United States agreed, inter alia, to move for dismissal of the other perjury charge still pending against Coghill, to recommend a three-level reduction in the offense level for acceptance of responsibility, and to recommend a sentence of incarceration at the low end of the applicable guideline range. In exchange for these concessions, Coghill waived, inter alia, his rights to appeal "any and all issues in this matter" and to collaterally attack his conviction or sentence.

Coghill initialed every page of the plea agreement, including the page containing the waivers of his right to appeal and collaterally attack his conviction or sentence. By signing the plea agreement, Coghill affirmed that he had read the plea agreement, that he had carefully reviewed

every part of the agreement with his attorney, that he understood the agreement, and that he was voluntarily agreeing to its terms.

During his plea hearing, Coghill stated under oath that he had a bachelor's degree in science and that he was not under the influence of any drug, medication, or alcoholic beverage. The court established that Coghill was aware of the nature of the charges against him, that he understood the range of punishment that he faced, that he understood how the United States Sentencing Guidelines might apply in his case, and that he knew that he had the right to a jury trial. The court also established that Coghill was aware that he would be bound by his plea agreement, even if his sentence was more severe that he expected.

The court instructed Coghill's counsel to review the salient portions of the plea agreement that Coghill had reached with the United States. The court asked Coghill if he read and understood the agreement before he signed it. Coghill responded in the affirmative. The court also asked if the agreement described by his attorney was different from his own understanding of the agreement, to which Coghill responded, "[n]o, sir." The court further advised Coghill that his plea agreement stated that he was waiving his right to collaterally attack the judgment and asked Coghill if he was waiving that right voluntarily, to which Coghill responded, "[y]es, sir." The court also specifically inquired as to whether Coghill was voluntarily pleading guilty. Coghill affirmed that he read and understood the plea agreement before he signed it, and that no one had made any promises or induced him to plead guilty.

After all of the court's questions, Coghill stated that he still wanted to plead guilty. The court ultimately accepted Coghill's plea and found that Coghill was "fully competent and capable of entering an informed plea and that his plea of guilty is a knowing and voluntary plea supported by

an independent basis in fact containing each of the essential elements of the offense."

On January 8, 2010, the court sentenced Coghill to a total term of imprisonment of 30 months. Before the court pronounced the sentence, Coghill was given the opportunity to address the court. At that time, Coghill did not express any desire to withdraw from the plea agreement, voice any complaints regarding the quality and effectiveness of his attorney's representation, or raise any of the issues he currently raises in his § 2255 action. Coghill did not appeal his conviction or sentence.

Coghill filed the instant § 2255 motion, claiming that his plea was not knowing and voluntary and that counsel provided ineffective assistance. In support of his claims of ineffective assistance of counsel, Coghill argues that counsel was ineffective in (1) failing to challenge the Presentence Investigation Report's ("PSR") three point enhancement under U.S.S.G. § 2J1.2(b)(2) for "substantial interference with the administration of justice"; (2) failing to challenge the PSR's calculation of Coghill's criminal history; (3) failing to file a Rule 35(a) post-conviction motion; and (4) advising Coghill to enter the plea agreement which contained the appeal waiver.

## II.

Coghill alleges that his plea was not voluntarily and knowingly made. However, this claim contrasts sharply with the statements Coghill made during his plea colloquy, when he affirmed that he completely understood the terms of the plea agreement including the appeal and collateral attack waivers, that he was entering the plea and waiving his appeal rights knowingly and voluntarily, that he was completely and fully satisfied with his attorney's representation, and that he did not challenge the government's evidence against him.[1] The court took care to ensure that Coghill was entering his

---

[1] "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005), (quoting

3

plea both knowingly and voluntarily by reviewing the provisions until the court was fully satisfied that Coghill understood. The court made findings on the record at the plea hearing that Coghill was competent to plead and that he voluntarily and knowingly entered his plea. These findings were not mere formalities but rather reflected the court's considered opinion that Coghill was in fact fully competent and that his plea was knowing and voluntary. Nothing that has followed has dispelled that conclusion. Accordingly, the court finds that Coghill's challenges to the validity of his plea have no merit and, therefore, dismisses his claim.

## III.

Coghill raises several claims of ineffective assistance of counsel, including that counsel was ineffective in failing to challenge the PSR's total offense level calculation and criminal history category calculation, in failing to file a Rule 35(a) motion, and in advising Coghill to enter the plea agreement which contained the appeal waiver. The court finds that Coghill knowingly and voluntarily waived his right to raise these claims of ineffective assistance and, therefore, dismisses them.

It is settled circuit law that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Waivers of collateral review are analyzed under a two-part analysis in which both the validity and the scope of the waiver are considered. See, e.g., United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994) (holding that a waiver will be enforced if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the

---

Blackledge v. Allison, 431 U.S. 63, 74 (1977); and citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)). Because the declarations carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings. United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (quoting Blackledge, 431 U.S. at 74).

4

waiver). To be valid, "the record must show that the waiver was based upon a knowing and intelligent decision." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221-22; see also United States v. Brown, 232 F.3d 399, 405-06 (4th Cir. 2000) (holding that a defendant's statements during the plea colloquy and evidence that he discussed the terms of the waiver provision with counsel and fully understood them provide powerful evidence that the waiver is valid). If the court determines that a petitioner's allegations, viewed against the record of the Rule 11 plea hearing, are so "palpably incredible, so patently frivolous or false as to warrant summary dismissal," the court may dismiss the § 2255 motion without a hearing. Lemaster, 403 F.3d at 220 (internal quotations and citations omitted). Although the validity determination is often made based on the "adequacy of the plea colloquy–specifically, whether the district court questioned the defendant about the . . . waiver–the issue ultimately is 'evaluated by reference to the totality of the circumstances.'" United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005) (quoting United States v. General, 278 F.3d 389, 400 (4th Cir. 2002)). Thus, the determination "'must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" Id. (quoting United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992)).

That does not end the inquiry, however. The court must also consider the scope of the plea agreement waiver: that is, whether it prevents the court from considering the particular claims the defendant asserts in his § 2255 motion. The United States Court of Appeals for the Fourth Circuit

5

has distinguished a narrow class of claims that fall outside the scope of an enforceable waiver of direct appeal and § 2255 rights. Issues that a defendant could not reasonably have foreseen when entering into a plea agreement, such as the complete denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor such as race, fall outside the scope of the waiver. See Attar, 38 F.3d at 732; Lemaster, 403 F.3d at 220 n.2; United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); Blick, 408 F.3d at 169-71. Thus, in addition to evaluating the validity of Coghill's guilty plea and waiver of collateral attack rights, the court must determine whether his claims falls within the scope of that waiver.

Here, the court has already determined that Coghill knowingly and voluntarily entered a valid guilty plea and the record fully establishes that Coghill also knowingly and voluntarily waived his right to collaterally attack his sentence, including any proceeding brought under § 2255. In his plea agreement, Coghill specifically agreed to "waive any right [he] may have to collaterally attack, in any future proceeding, any order issued in this matter" and agreed he would "not file any document which seeks to disturb any such order." The language and meaning of the collateral-attack waiver is clear and unmistakable, and both Coghill and his attorney represented by their signatures to the plea agreement that Coghill had been fully advised of, and understood, its terms. In his plea agreement, Coghill also agreed to "make known to the Court no later than at the time of sentencing any dissatisfaction or complaint [he] may have with [his] attorney's representation." Further, at his plea hearing, Coghill acknowledged that he was voluntarily waiving his right to collaterally attack his conviction and sentence and indicated that he was fully satisfied with the counsel, representation, and advice given to him in this case by his attorney. Accordingly, the court concludes that Coghill's

waiver of his right to collaterally attack his conviction or sentence under § 2255 is valid and enforceable.

Finding that the waiver is valid, the court must now determine whether Coghill's claims are included within the scope of the waiver. None of Coghill's ineffective assistance of counsel claims allege complete denial of counsel at any stage of the proceedings following the entry of the plea, the imposition of a sentence above the statutory maximum, or the imposition of a sentence based on a constitutionally impermissible factor. In addition, three of his four claims arose after his guilty plea but prior to sentencing, yet Coghill did not bring either claim to the attention of the court. Therefore, the court finds that Coghill's claims fall within the scope of his waiver. Accordingly, the court further finds that Coghill's claims of ineffective assistance of counsel are not cognizable claims in a § 2255 motion, and, therefore, dismisses them.[2]

---

[2] Moreover, even if his claims were not waived, the court finds that his claims of ineffective assistance of counsel nevertheless fail on the merits. To demonstrate ineffective assistance of counsel, a petitioner must first show deficient performance, that is, that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); see also Williams v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Strickland, 466 U.S. at 689; see also Fields v. Atty. Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977). In addition to proving deficient performance, a petitioner asserting ineffective assistance must prove that he suffered prejudice as a result of his counsel's deficient performance, that is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694.

With regard to Coghill's claims that counsel was ineffective in failing to challenge the PSR, Coghill has not demonstrated that counsel's performance was deficient or that he was prejudiced by counsel's alleged errors. The record reflects that counsel did file the same objections which Coghill currently complains about. In response to the objection concerning the enhancement to Coghill's total offense level, the Probation Officer responded that:

> U.S.S.G. § 2J1.2(b)(2) defines substantial interference with the administration of justice to include "... an indictment, verdict, or any judicial determination based upon perjury, false testimony, or other false evidence; or the unnecessary expenditure of substantial governmental or court resources." Had Mr. Coghill been honest during the initial financial investigation about his assets, the court may have made an alternate determination regarding not the *amount* of restitution ordered, but the *methods* in which it was collected. The court's knowledge of these assets would have offered the court the option of seizing them for swifter resolution of restitution disbursement. Additionally, knowledge of these assets might had led the court to the determination that the defendant had the ability to pay a fine. Therefore, Mr. Coghill's false information resulted in a "judicial determination based upon perjury, false testimony, or other false evidence." Additionally, because of the false information provided by the defendant, the current investigation and charges were necessary. The time, effort, and funds

## IV.

For the reasons stated above, the court will grant the United States' motion to dismiss Coghill's § 2255 motion.

ENTER: This 17th day of December, 2010.

United States District Judge

---

expended in preparation by the government, multiple probation offices, law clerks, and judges have been immeasurable. Therefore, there has no doubt been an "unnecessary expenditure of substantial governmental or court resources" which could have been avoided by the defendant's willingness to provide complete and accurate financial information during the initial investigation.

In response to the objection concerning the PSR's calculation of Coghill's criminal history category, the Probation Officer responded:

Sentencing guidelines require that all relevant conduct be taken into consideration in determining criminal history computations. Mr. Coghill's criminal activity (specifically regarding unauthorized transactions pertaining to The Conch House) was continuous throughout every phase of the judicial process: while on bond, while incarcerated, and even continuing into the following term of supervised release.

At sentencing, counsel withdrew these objections upon the court's request for evidence to support the objections. Counsel made a tactical decision to withdraw these objections in order to not lose the three-level reduction to his total offense level that Coghill received for acceptance of responsibility. Further, based on the Probation Officer's responses to those objections, it is nothing more than speculative that the court would have sustained any objections, therefore, Coghill has not demonstrated prejudice. Accordingly, these claims fail.

With regard to the Rule 35(a) motion, again Coghill has not demonstrated deficient performance or resulting prejudice and, thus, his claim fails. Rule 35(a) provides the court with the ability to correct a sentence "that resulted from arithmetical, technical, or other clear error" within fourteen days after sentencing. Here, Coghill's sentence did not result from arithmetical, technical, or other clear error. "Every relevant authority agrees that the scope of 'clear error' correctable under Rule 35(a) is extremely narrow," with "all essentially agree[ing] that 'clear error' under the Rule requires some reversible error at the initial sentencing . . . hearing." United States v. Fields, 552 F.3d 401, 404 (4th Cir. 2009). Coghill has not demonstrated any reversible error at the sentencing hearing and, thus, has not demonstrated grounds upon which to raise a Rule 35(a) motion. Counsel is not ineffective in failing to file a motion for which there is no obvious basis. Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987). Accordingly, the court finds that Coghill's claim has no merit.

With regard to Coghill's claim that counsel was ineffective in advising him to sign the plea agreement, Coghill has not demonstrated deficient performance or resulting prejudice. Coghill does not allege that but for counsel's advice to plead guilty, he would have pled not guilty and insisted on going to trial. Therefore, he cannot show prejudice as a result of counsel's alleged error. Further, given the significant benefits of his plea agreement, such as the dismissal of the perjury charge against him, the three-level reduction for acceptance of responsibility, and the United States' agreement to recommend a sentence at the low end of the applicable Guideline range, the court cannot find that Coghill has demonstrated that counsel's performance was deficient. Accordingly, the court finds that this claim also fails on the merits.

8